UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
          :

SANDRA DORRELL and PHILLIP A.   :
WILKINSON, individually and on behalf of   :
a class of all others similarly situated,     :
          :
          :
        *Plaintiffs*,     :
          :   Civil Action No. 3:16-cv-01152-N
      - against -     :   Hon. David C. Godbey
          :
PROSKAUER ROSE, LLP, and     :
THOMAS V. SJOBLOM,       :
          :
        *Defendants*.   :
          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEFENDANT PROSKAUER ROSE LLP'S
## NOTICE OF SUPPLEMENTAL AUTHORITY
## IN FURTHER SUPPORT OF MOTION TO DISMISS

Defendant Proskauer Rose LLP ("Proskauer") respectfully submits this notice of

supplemental authority to inform the Court of a recent decision of the United States Court

of Appeals for the Fifth Circuit, Lassberg v. Bank of America, N.A., No. 15-40196, --- F.

App'x ----, 2016 WL 4446074 (5th Cir. Aug. 23, 2016), which rejected an argument that

has been advanced by plaintiffs in opposition to Proskauer's pending motion to dismiss.[1]

Like plaintiffs in this case, the plaintiff-appellant in Lassberg argued that Texas's

attorney immunity doctrine "is applied in the limited context of an attorney representing

his or her client *in litigation*."  Reply Br. at 1, Lassberg v. Bank of America, N.A., No.

15-40196 (5th Cir. Aug. 3, 2015) ("Lassberg Reply") (emphasis added).[2]  The Fifth

Circuit again rejected this argument, concluding that the attorney immunity doctrine

---

[1] A copy of this decision is attached as Exhibit A-1.

[2] A copy of the Lassberg Reply is attached as Exhibit A-2.

broadly "protects attorney actions conducted as 'part of discharging [the attorney's] duties in representing his [or her] client' but not against actions performed outside the attorney's scope of representation." Lassberg, 2016 WL 4446074, at *2 (quoting Renfroe v. Jones & Assocs., 947 S.W.2d 285, 288 (Tex. App.—Fort Worth 1997, writ denied)) (second alteration in original); see also id. at *2 n.12.  Applying this standard to decide whether the plaintiff-appellant had improperly joined non-diverse attorney-defendants to avoid removal, the Court found that, in light of the attorney immunity doctrine, there was "*no reasonable basis* for the district court to predict" that the plaintiff-appellant could recover against the attorney-defendants, id. at *2 (emphasis added), even though the complained-of conduct occurred outside the context of an in-court litigation, see id. at *2-3 & n.12 (concluding that attorney immunity protects attorney conduct in sending foreclosure notices in advance of initiating litigation).  In fact, the Fifth Circuit so ruled even though—unlike in this case—the attorney-defendants' conduct neither occurred in an adversarial proceeding nor preceded any in-court litigation.  Lassberg Reply at 1 (describing conduct as  initiating a "non-judicial foreclosure sale").

Dated:  September 2, 2016

Respectfully submitted,

CARRINGTON, COLEMAN,
SLOMAN & BLUMENTHAL, L.L.P.

DAVIS POLK & WARDWELL LLP

By:  /s/ Neil R. Burger

    Neil R. Burger
     Texas Bar No. 24036289
     nburger@ccsb.com
    Bruce W. Collins
     Texas Bar No. 04604700
     bcollins@ccsb.com
    901 Main Street, Suite 5500
    Dallas, Texas 75202
    Telephone:  (214) 855-3000
    Facsimile:  (214) 855-1333

By:  /s/ James P. Rouhandeh

    James P. Rouhandeh*
     New York Bar No. 2211837
     rouhandeh@davispolk.com
    Daniel J. Schwartz*
     New York Bar No. 4159430
     daniel.schwartz@davispolk.com
    Jonathan K. Chang*
     New York Bar No. 4500484
     jonathan.chang@davispolk.com
    Craig M. Reiser*
     New York Bar No. 4886735
     craig.reiser@davispolk.com
    450 Lexington Avenue
    New York, New York 10017
    Telephone:  (212) 450-4000
    Facsimile:  (212) 701-5800
    * admitted *pro hac vice*

    *Attorneys for Defendant Proskauer Rose LLP*

# EXHIBIT A-1

2016 WL 4446074
This case was not selected for
publication in West's Federal Reporter.
See Fed. Rule of Appellate Procedure 32.1
generally governing citation of judicial decisions
issued on or after Jan. 1, 2007. See also
U.S.Ct. of App. 5th Cir. Rules 28.7 and 47.5.
United States Court of Appeals,
Fifth Circuit.

LESLIE C. LASSBERG, also known as
Clare Lassberg, Plaintiff–Appellant,

v.

BANK OF AMERICA, N.A., as Successor by Merger
to BAC Home Loans Servicing, L.P.; WELLS FARGO
BANK, N.A., as Trustee for the Certificate Holders
of Morgan Stanley ABS Capital I Inc. Trust 2005-
WMC3, Mortgage Pass-Through Certificates,
Series 2005-WMC3; MERSCORP HOLDINGS,
INCORPORATED, formerly known as Merscorp,
Incorporated; MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INCORPORATED, as
Nominee for WMC Mortgage Corporation and its
Successors and Assigns; and the Successors and
Assigns of MERS; JPMORGAN CHASE BANK,
N.A., as Trustee on behalf of the Holders of the
Truman Capital Mortgage Loan Trust 2004-2,
formerly known as Chase Manhattan Bank, as
Trustee of IMC Home Equity Loan Trust 1997-6
Under The Pooling and Servicing Agreement
Dated as of October 1, 1997; JOHN ; JANE DOES
1-50, as unknown Claimants of 7113 Stoneridge
Drive, Frisco, Texas 75034; TRUSTS 1-50, as
unknown Claimants of 7113 Stoneridge Drive,
Frisco, Texas 75034; CORPORATIONS 1-50, as
unknown Claimants of 7113 Stoneridge Drive,
Frisco, Texas 75034; BARRETT DAFFIN FRAPPIER
TURNER ; ENGEL, L.L.P., in its Capacity as an
Agent and Alleged Substitute Trustee for Bank
of America, N.A., as Successor by Merger to BAC
Home Loans Servicing, L.P., in its Capacity as
Agent and Servicer for Wells Fargo Bank, N.A.;
STONEBROOK ESTATES HOMEOWNERS
ASSOCIATION, INCORPORATED; CHARLES

A. WARD; 7113 STONERIDGE DRIVE FRISCO
TEXAS 75034, Defendants–Appellees.

No. 15-40196
|
Date Filed: 08/23/2016

Appeals from the United States District Court for the
Eastern District of Texas
USDC No. 4:13-CV-577

Before STEWART, Chief Judge, PRADO, and
SOUTHWICK, Circuit Judges.

**Opinion**

PER CURIAM: [*]

**\*1** Leslie Lassberg obtained a mortgage from WMC
Mortgage Corporation to purchase a property. The
mortgage was subsequently assigned to Wells Fargo,
and Lassberg now asserts a variety of claims seeking to
prevent Wells Fargo's servicer from foreclosing on the
property. The district court granted summary judgment to
Defendants on all claims. We affirm.

**I.**

In December 2004, Leslie Lassberg obtained a loan of
$137,600 from WMC Mortgage Corporation ("WMC"),
which she used to purchase a property located in
Frisco, Texas (the "Property"). Lassberg executed a
promissory note (the "Note") payable to WMC and
executed a security instrument (the "Deed of Trust")
pledging the Property as collateral and providing a
right for WMC to foreclose on the Property. The
Deed of Trust named Mortgage Electronic Registration
Systems, Inc. ("MERS") as "nominee" for WMC and
WMC's successors and assigns, and it named MERS
"the beneficiary" under the Deed of Trust. In December
2012, MERS assigned (the "Assignment") the Deed of
Trust to Wells Fargo Bank, N.A. as trustee for the
MSAC 2005-WMC3 Trust (the "WMC3 Trust"). On
August 9, 2013, Wells Fargo executed an Appointment
of Substitute Trustee (the "Appointment"), appointing
seventeen individuals in its place as substitute trustees.
Bank of America, N.A. services the mortgage for Wells
Fargo.

Lassberg first defaulted on the Note in 2007 and has not made a payment since April 2011. In June 2007, Lassberg sought bankruptcy protection under Chapter 13 of the U.S. Bankruptcy Code in the U.S. Bankruptcy Court for the Eastern District of Texas. The bankruptcy case was closed in March 2013. In September 2013, Lassberg filed this lawsuit in Texas state court, seeking an injunction prohibiting Defendants from foreclosing upon the Property. Defendants removed the case to federal court based on diversity jurisdiction, arguing that although Defendants Barrett Daffin Frappier Turner & Engel, L.L.P. ("Barrett Daffin"), Stonebrook Estates Homeowners Association, Inc. ("Stonebrook"), and Charles Ward are citizens of Texas, they do not destroy complete diversity, even though Lassberg is also a citizen of Texas, because Lassberg could assert no cause of action against Barrett Daffin and Stonebrook and Ward are "mere nominal defendants."

Lassberg contested removal by filing a motion to remand and also filed a First Amended Complaint in federal court, asserting claims against various Defendants (1) for violations of Chapter 12 of the Texas Civil Practice and Remedies Code (the "False Lien Statute"); (2) for violations of Chapter 192 of the Texas Local Government Code; (3) to quiet title; and (4) for invasion of privacy. Each claim was based on Lassberg's contentions that Wells Fargo and Bank of America lacked authority to foreclose on the Property because MERS had no authority to assign any interest to Wells Fargo and that the putative assignment by MERS was untimely under the pooling and services agreement ("PSA") that governs the WMC3 Trust. The district court denied the motion to remand and ultimately granted Defendants' motion for summary judgment with respect to all of Lassberg's claims.

## II.

 **\*2** We review de novo a district court's denial of a motion to remand and its decision on improper joinder. [1] We also review de novo an order granting summary judgment. [2] Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." [3] In determining whether a genuine dispute of material fact exists, we "must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." [4]

## III.

Lassberg contends that there is no complete diversity in this case because Barrett Daffin, Stonebrook, and Ward are all citizens of Texas who were properly joined. The district court disagreed, holding that Barrett Daffin was the legal representative or agent of Bank of America and accordingly is protected by qualified immunity and that Stonebrook and Ward were only nominal parties against whom no claims have been asserted.

Under the improper joinder doctrine, "the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity. [5] A defendant is improperly joined when "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against [that] defendant." [6] In making this determination, "the court may 'pierce the pleadings' and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim." [7] Whether removal was proper is determined based on the claims in the state court complaint. [8] A party to a complaint is "nominal" and thus disregarded for diversity purposes if "in the absence of [that party], the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to the plaintiff." [9]

In regard to Defendants Ward and Stonebrook, Lassberg's complaint did not assert any claims against these parties. We therefore agree with the district court that Ward and Stonebrook are nominal parties and were improperly joined.

In regard to Barrett Daffin, the district court found that Lassberg failed to bring a viable claim against Barrett Daffin because it was protected by qualified immunity. Under Texas law, the doctrine of qualified immunity has "long authorized attorneys to 'practice their profession, to advise their clients and interpose any defense or supposed defense, without making themselves liable for damages.' " [10] This doctrine protects attorney actions conducted as "part of discharging his [or her] duties in representing his [or her] client" but not against actions performed outside the attorney's scope of representation. [11]

**\*3** Lassberg argues Barrett Daffin is not protected by qualified immunity because it sent the notice of foreclosure in its capacity as substitute trustee under the Deed of Trust and not merely in its capacity as attorney for Bank of America. Lassberg, however, has not pointed to any evidence suggesting that Barrett Daffin was ever appointed as substitute trustee by Bank of America. In addition, the foreclosure notice does not provide any evidence that Barrett Daffin was acting as a substitute trustee. Instead, it clearly states: "This law firm [Barrett Daffin] represents BANK OF AMERICA, N.A.... We have been authorized by the Mortgage Servicer to initiate legal proceedings in connection with the foreclosure of a Deed of Trust associated with your real estate loan." As Barrett Daffin was acting in a representational capacity, we find it is protected by qualified immunity and was therefore improperly joined. [12]

## IV.

The district court concluded that Lassberg did not have standing to challenge the Assignment for having been executed after the closing date specified in the PSA. It based this conclusion on the rule established in *Reinagel v. Deutsche Bank National Trust Co.* [13] that non-parties to a pooling and services agreement have "no right to enforce its terms unless they are its intended third-party beneficiaries." [14] Moreover, even if a non-party is an intended third-party beneficiary, a violation of the PSA only renders an assignment voidable, not void. [15] And "the law is settled in Texas that an obligor cannot defend against an assignee's efforts to enforce the obligation on a ground that merely renders the assignment voidable at the election of the assignor." [16]

Lassberg argues *Reinagel* does not apply here because she is not asserting a claim for breach of the PSA but rather is pointing to a breach of the PSA "as evidence that the loan was not transferred to the securitization trust." Failure to adhere to the PSA, she contends, would render the putative transfer void under New York trust law, which governs the PSA. New York Estate Powers and Trusts Law Section 7-2.4 states that "[e]very. . . act of the trustee in contravention of the trust ... is void."

Lassberg's appeal to New York trust law is misplaced. Our Court addressed a similar argument in *Ferguson v. Bank of New York Mellon Corp.* [17] where we rejected the plaintiffs' challenge to the validity of a mortgage assignment based on New York trust law. [18] We observed that "New York courts have not applied Section 7-2.4 in the manner the [plaintiffs] would hope but instead have treated a trustee's act in violation of the trust as voidable but not void." [19] The Second Circuit has also explained that the weight of authority in New York indicates that acts by a trustee in contravention of the terms of a trust are generally "not void but merely voidable by the beneficiary." [20]

Lassberg's appeal to New York law therefore does not change the applicability of *Reinagel* to this case. Even assuming the Assignment is invalid under the PSA, as Lassberg alleges, this would merely make the Assignment voidable by the assignor MERS and would not give Lassberg standing to challenge the validity of the foreclosure initiated by the assignee Wells Fargo. We conclude therefore that Lassberg lacks standing to challenge the Assignment.

## V.

**\*4** The district court rejected Lassberg's claim that Bank of America and Wells Fargo violated Section 12.002 of the Texas Civil Practice and Remedies Code because the documents that Lassberg argues were fraudulent or defective—the Assignment and the Appointment—are not "liens" as defined in the statute. Section 12.002(a) provides that "[a] person may not make, present, or use a document or other record with ... knowledge that the document or other record is a fraudulent court record or a fraudulent lien or claim against real or personal property or an interest in real or personal property." [21] Section 12.001(3) defines a "lien" as "a claim in property for the payment of a debt and includes a security interest." [22] To prevail under this statute, a plaintiff must demonstrate the fraudulent action was conducted with "intent to cause another person to suffer" "physical injury," "financial injury," or "mental anguish or emotional distress." [23]

Lassberg argues that some courts have held that a document may violate Section 12.002 even if it is not a "lien," so long as the document "create [s] a fraudulent

claim against real or personal property or an interest in real or personal property." [24] One recent district court case noted that an assignment of a deed of trust could fall within this definition, [25] and a Texas appellate court held that a document substituting a trustee could do so. [26] Lassberg thus contends that the Assignment was prepared after the closing date specified in the PSA in order to fraudulently establish a claim against the Property and that the Appointment was prepared for the same purpose even though Wells Fargo did not own the Deed of Trust when the Appointment was executed.

Even if Lassberg is correct, however, that the Assignment and the Appointment qualify as "liens" under the False Lien Statute, Lassberg fails to provide any evidence or explanation for how either document was executed with the intent to cause Lassberg to suffer physical injury, financial injury, or mental anguish. In the district court case that Lassberg cites for the proposition that an assignment of a deed of trust may constitute a "lien," a disputed assignment was not even enough to state a claim upon which relief could be granted in the absence of some evidence indicating that the assignment was executed with an intent to cause harm. [27] Here, Lassberg's loan was long delinquent, and there is no evidence that the foreclosure was intended to cause injury. Lassberg's claim under Section 12.002 thus fails and summary judgment was properly granted to Defendants.

## VI.

Lassberg's complaint asserted that MERS violated her common law right to privacy by using her "personal identifying information" without her permission, allegedly by allowing users of MERS's website to locate the names of investors in her mortgage using her name and social security number. The district court rejected this claim, holding that Lassberg had failed to show that MERS had unlawfully misappropriated Lassberg's name or likeness, which would require "excessive exploitation" of the value associated with her name or likeness. Lassberg now argues that although she provided her social security number to her lender, she did not agree for the information to be used by MERS for its own financial gain.

A misappropriation claim under Texas law requires "[1] that the defendant appropriated the plaintiff's name or likeness for the value associated with it, and not in an incidental manner or for a newsworthy purpose; [2] that the plaintiff can be identified from the publication; and [3] that there was some advantage or benefit to the defendant." [28] Lassberg's allegations against MERS do not amount to the "publication" of her personal information; she does not allege that MERS took advantage of the value associated with her "name or likeness;" and she has submitted no evidence that she could be "identified" by MERS's use of the information. Accordingly, we conclude the district court properly granted summary judgment on this issue.

## VII.

*5 The district court held that Lassberg has no basis for an action based on quiet title because MERS was the beneficiary and nominee on the Deed of Trust and MERS assigned the right to foreclose to Wells Fargo. "[T]he elements of the cause of action to quiet title are that the plaintiff must show (1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." [29] Lassberg now appears to argue that because the Assignment was invalid under the terms of the PSA, Wells Fargo's purported interest in the Note is invalid and unenforceable. However, as we noted above, absent a challenge to the Assignment by trust beneficiaries, Wells Fargo's interest in the Deed of Trust is valid and enforceable against Lassberg, and thus Lassberg's quiet title claim fails.

## VIII.

Lassberg appeals the district court's denial of her claims for declaratory and injunctive relief because she argues the Assignment to Wells Fargo was invalid. As we have already concluded the Assignment was valid, we deny Lassberg's claims for equitable relief.

## IX.

The district court's grant of summary judgment to Defendants is AFFIRMED. Barrett Daffin's motion to dismiss appeal, which argues that Barrett Daffin, Stonebrook, and Ward were untimely added as appellees, is DENIED as moot.

**All Citations**

--- Fed.Appx. ----, 2016 WL 4446074

Footnotes

| | |
|---|---|
| * | Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4. |
| 1 | *Kling Realty Co., Inc. v. Chevron USA, Inc.*, 575 F.3d 510, 513 (5th Cir. 2009). |
| 2 | *Hodges v. Delta Airlines, Inc.*, 44 F.3d 334, 335 (5th Cir. 1995) (en banc). |
| 3 | Fed. R. Civ. P. 56(a). |
| 4 | *Daniels v. City of Arlington,* 246 F.3d 500, 502 (5th Cir. 2001). |
| 5 | *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009). |
| 6 | *Kling Realty Co.*, 575 F.3d at 513 (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)). |
| 7 | *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007). |
| 8 | *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995); *see also McDonal v. Abbott Labs.*, 408 F.3d 177, 183 n.6 (5th Cir. 2005) ("A district court should ordinarily resolve [claims of] improper joinder by conducting a Rule 12(b)(6)-type analysis."). |
| 9 | *Acosta v. Master Maint. & Constr. Inc.*, 452 F.3d 373, 379 (5th Cir. 2006) (quoting *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Local 349*, 427 F.2d 325, 327 (5th Cir. 1970)). |
| 10 | *Renfroe v. Jones & Assocs.*, 947 S.W.2d 285, 287 (Tex. App.—Fort Worth 1997, writ denied) (quoting *Kruegel v. Murphy*, 126 S.W. 343, 345 (Tex. Civ. App.—Dallas 1910, writ ref'd)). |
| 11 | *Id.* at 288. |
| 12 | Our conclusion is further supported by two unpublished decisions in which we held that Barrett Daffin was protected by qualified immunity for actions taken in connection with foreclosure proceedings. *See Rojas v. Wells Fargo Bank, N.A.*, 571 F. App'x 274, 278 (5th Cir. 2014); *Iqbal v. Bank of Am., N.A.*, 559 F. App'x 363, 365–66 (5th Cir. 2014) ("[Barrett Daffin] was retained to assist in the foreclosure, and the actions complained of by the [plaintiffs] are within the scope of their representation. The [plaintiffs] argue that attorney immunity applies only in the litigation context, but that stance is not in line with Texas law."). |
| 13 | 735 F.3d 220 (5th Cir. 2013). |
| 14 | *Id.* at 228. |
| 15 | *Id.*; *see also Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 342 (5th Cir. 2013). |
| 16 | *Reinagel*, 735 F.3d at 225 (quoting *Tri-Cities Const., Inc. v. Am. Nat'l Ins. Co.*, 523 S.W.2d 426, 430 (Tex. Civ. App. 1975)). |
| 17 | 802 F.3d 777 (5th Cir. 2015). |
| 18 | *Id.* at 782. |
| 19 | *Id.* |
| 20 | *Rajamin v. Deutsche Bank Nat'l Tr. Co.*, 757 F.3d 79, 88–90 (2d Cir. 2014). |
| 21 | Tex. Civ. Prac. & Rem. Code § 12.002(a). |
| 22 | Tex. Civ. Prac. & Rem. Code § 12.001(3). |
| 23 | Tex. Civ. Prac. & Rem. Code § 12.002(a)(3)(A)–(C). |

| 24 | *See* *Martinez v. Wells Fargo Bank, N.A.*, No. SA-12-CV-789-XR, 2013 WL 1562759, at *7 (W.D. Tex. Apr. 12, 2013). |
| 25 | *Id.* at *7. |
| 26 | *Bernard v. Bank of Am., N.A.*, No. 04-12-00088-CV, 2013 WL 441749 (Tex. App.—San Antonio Feb. 6, 2013, no pet.). |
| 27 | *Martinez*, 2013 WL 1562759, at *8. |
| 28 | *Matthews v. Wozencraft*, 15 F.3d 432, 437 (5th Cir. 1994) (citing J. Hadley Edgar & James B. Sales, Texas Torts and Remedies § 53.06 [2] ). |
| 29 | *U.S. Nat'l Bank Ass'n v. Johnson*, No. 01-10-00837-CV, 2011 WL 6938507, at *3 (Tex. App.—Houston [1st Dist.] Dec. 30, 2011, no pet.). |

---

**End of Document**

© 2016 Thomson Reuters. No claim to original U.S. Government Works.

# EXHIBIT A-2

Case No : 15-40196

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————————————————

LESLIE C. LASSBERG, also known as Clare Lassberg,

*Plaintiff - Appellant*

v.

BANK OF AMERICA, N.A., as Successor by Merger to BAC Home Loans
Servicing, L.P.; WELLS FARGO BANK, N.A., as Trustee for the Certificate
Holders of Morgan Stanley ABS Capital I Inc. Trust 2005-WMC3, Mortgage Pass-
Through Certificates, Series 2005-WMC3; MERSCORP HOLDINGS,
INCORPORATED, formerly known as Merscorp, Incorporated; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED, as Nominee for
WMC Mortgage Corporation and its Successors and Assigns; and the Successors
and Assigns of MERS; JPMORGAN CHASE BANK, N.A., as Trustee on behalf
of the Holders of the Truman Capital Mortgage Loan Trust 2004-2, formerly
known as Chase Manhattan Bank, as Trustee of IMC Home Equity Loan Trust
1997-6 Under The Pooling and Servicing Agreement Dated as of October 1, 1997;
JOHN & JANE DOES 1-50, as unknown Claimants of 7113 Stoneridge Drive,
Frisco, Texas 75034; TRUSTS 1-50, as unknown Claimants of 7113 Stoneridge
Drive, Frisco, Texas 75034; CORPORATIONS 1-50, as unknown Claimants of
7113 Stoneridge Drive, Frisco, Texas 75034; BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, L.L.P., in its Capacity as an Agent and Alleged Substitute
Trustee for Bank of America, N.A., as Successor by Merger to BAC Home Loans
Servicing, L.P., in its Capacity as Agent and Servicer for Wells Fargo Bank, N.A.;
STONEBROOK ESTATES HOMEOWNERS ASSOCIATION,
INCORPORATED; CHARLES A. WARD; 7113 STONERIDGE DRIVE
FRISCO TEXAS 75034,

*Defendants - Appellees*

————————————————

On Appeal from the United States District Court
for the Eastern District of Texas, Sherman Division
Civil Case No:: 13-cv-00577

---

## APPELLANT'S REPLY BRIEF

---

CARL HUGHES, P.C. Law Firm
Carl D. Hughes, Jr.
Texas State Bar No. 10209000
P. O. Box 610326
Dallas, Texas 75261-0326
Telephone: (214) 761-9342
Telephone: (877) 247-9851
Facsimile: 1-888-247-1127
**ATTORNEY FOR APPELLANT**

## <u>CERTIFICATE OF INTERESTED PERSONS</u>

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

1.      Leslie C. Lassberg – Appellant;

2.      Carl D. Hughes, Jr., of Carl Hughes, P.C, counsel for Appellant Leslie C. Lassberg;

3.      Bank of America, N.A. – Appellee;

4.      Wells Fargo Bank, N.A. – Appellee;

5.      Merscorp Holdings, Inc. – Appellee;

6.      Mortgage Electronic Registration Systems, Inc. – Appellee;

7.      Nathan T. Anderson, of McGlinchey Stafford, PLLC, counsel for Appellees Bank of America, N.A.; Wells Fargo Bank, N.A.; Merscorp Holdings, Inc.; and Mortgage Electronic Registration Systems, Inc.;

8.      David C. Romness, of McGlinchey Stafford, PLLC;

9.      Barrett Daffin Frappier Turner & Engel, LLP – Appellee;

10.     Robert F. Maris, Maris & Lanier, P.C., counsel for Appellee Barrett Daffin Frappier Turner & Engel, LLP;

11.     Stonebrook Estates Homeowners Association, Inc. – Appellee;

12.    Robert Michael Blend, The Blend Law Firm, P.C., counsel for

Appellee Stonebrook Estates Homeowners Association, Inc.

13.    Charles A. Ward – Appellee.

# **TABLE OF CONTENTS**

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   iii

TABLE OF AUTHORITIES  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   iv

ARGUMENT IN REPLY   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

    Argument One:     Lassberg's Claims against BDFTE are not Barred by the
                        Doctrine of Qualified Immunity . . . . . . . . . . . . . . . . .   1

    Argument Two:     Lassberg Has Sufficient Standing to Challenge
                        the Assignment at Issue in this Case, since the
                        Assignment is Void under New York Law. . . . . . . . .   3

    Argument Three:   The Lower Court Improperly Granted Summary
                        Judgment on Lassberg's Quiet Title Claim . . . . . . .   7

    Argument Four:    Lassberg's Claim under Section 12.002 of the Texas
                        Civil Practices and Remedies Code Should Not Have
                        Been Disposed of via Summary Judgment . . . . . . . . .   8

    Argument Five:    Lassberg's Claim for Invasion of Privacy was Also
                        Not Subject to Summary Judgment . . . . . . . . . . . . . . .  10

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

# TABLE OF AUTHORITIES

**Federal Cases**

*Castaneda v. Flores*,
  Civil Action No. 5:05-CV-0129, 2007 WL 1671742, 2007 U.S. Dist. LEXIS
  41841 (S.D. Tex. June 8, 2007) ........................................................................ 10

*Martinez v. Wells Fargo Bank*,
  Civil Action No. SA-12-CV-789-XR, 2013 U.S. Dist. LEXIS 52784 (W.D. Tex.
  Apr. 12, 2013) ................................................................................ 8

*Miller v. Stonehenge/Fasa-Tex., JDC, L.P.*,
  993 F. Supp. 461 (N.D. Tex. 1998) ................................................................ 2

*Reinagel v. Deutsche*,
  735 F.3d 220 (5th Cir. 2013) ........................................................................ 3, 4

*Svoboda v. Bank of Am., N.A.*,
  571 F. App'x 270 (5th Cir. 2014) .................................................................... 5

**State Cases**

*Bernard v. Bank of Am., N.A.*,
  2013 WL 441749, 2013 Tex. App. LEXIS 1045 (Tex. App.—San Antonio Feb.
  6, 2013) ........................................................................................ 9

*Dixon Fin. Servs. v. Chang*,
  325 S.W.3d 668 (Tex. App.—Houston [1st Dist.] 2010) ................................... 2

*Fillion v. David Silvers Co.*,
  709 S.W.2d 240 (Tex. App.—Houston [14th Dist.] 1986) .............................. 7

*Hine v. Hine*,
  118 A.D. 585, 103 N.Y.S. 535 (N.Y. App. Div. 1907) ...................................... 6

*Matter of Levy*,
  69 A.D.3d 630, 893 N.Y.S.2d 142 (N.Y. App. Div. 2010) ............................... 6

*Mooney v. Madden*,
  193 A.D.2d 933, 597 N.Y.S.2d 775 (N.Y. App. Div. 1993) ............................. 6

*No. 2013-06986*,
  2015 WL 1915161 (N.Y. App. Div. Apr. 29, 2015) .......................................... 4

*Renfroe v. Jones & Assocs.*,
   947 S.W.2d 285 (Tex. App.—Fort Worth 1997) ................................................ 1

*Vernon v. Perrien*,
   390 S.W.3d 47 (Tex. App.—El Paso 2012) ....................................................... 8

**Other**

Tex. Prop. Code Ann. § 12.002 (West)................................................................... 8, 9

Restatement (Second) of the Law of Torts, Section 652C  ................................... 11

## **ARGUMENT IN REPLY**

**ARGUMENT NO. 1:  Lassberg's Claims against BDFTE are Not Barred by the Doctrine of Qualified Immunity**

In the Brief filed by Barrett Daffin Frappier Turner & Engel, LLP ("BDFTE"), Appellee argues that the doctrine of qualified immunity shields BDFTE from liability for the claims asserted by Lassberg (BDFTE Br, p. 6)

While the doctrine of qualified immunity may protect BDFTE from certain types of claims, it does not provide the all-encompassing protection that would insulate BDFTE from liability in this case.  Case law reveals that the qualified immunity doctrine is applied in the limited context of an attorney representing his or her client in litigation. See *Renfroe v. Jones & Associates*, 947 S.W.2d 285, 288 (Tex. App.-Fort Worth 1997, writ denied) ("Under Texas law, attorneys cannot be held liable for wrongful litigation conduct."). In this case, BDFTE's wrongful conduct - the non-judicial foreclosure sale of a property pursuant to a power of sale contained in a deed of trust - was not performed in the context of litigation. To the contrary, it was BDFTE's wrongful conduct, in part, which has now given rise to this litigation.

Even if this Court adopts BDFTE's more expansive application of the doctrine - that the claim of immunity applies to all conduct by an attorney engaging in the discharge of his duties in representing a client - BDFTE is still not entitled to immunity, because its wrongful actions did not require the "office,

professional training, skill, and authority of an attorney." See *Miller v. Stonehenge/Fasa-Texas, JDC, L.P.,* 993 F. Supp. 461, 464 (N.D. Tex. 1998)(noting that "an attorney cannot be held liable to a third party for conduct that requires 'the office, professional training, skill, and authority of an attorney.'")

In this case, the conduct that Lassberg alleges BDFTE engaged in was performed under the "umbrella" of a debt collector and successor trustee, and not that of an attorney (See Appellant's Brf, pp. 9-10 and ROA.1265). Certainly no individual would need a law license in order to lawfully send a default notice to a defaulting homeowner – the bank itself could perform that task. Nor has BDFTE provided sufficient explanation as to how mailing a letter or recording an Appointment of Substitute Trustee required the "office, professional training, skill, and authority of an attorney."

Simply put, BDFTE is not entitled to immunity for every action it took, merely because it was in a representative capacity for *some* of the acts it performed for Bank of America and Wells Fargo. If this were all that was required in order to trigger the qualified immunity doctrine, there would be nothing "qualified" about it, as any act performed by someone with a law license for a profit could create immunity from suit[1].

---

[1] See *Dixon Fin. Servs., Ltd. v. Chang,* 325 S.W.3d 668, 682 (Tex. App.-Houston [1st Dist.] 2010, pet denied) ("Moreover, even when acting in a representative

Here, the fact that Lassberg has alleged fraudulent conduct on the part of BDFTE, in its role as a debt collector and substitute trustee and not attorney, places this case well outside the doctrine of qualified immunity.

In this case, BDFTE was <u>not</u> an improperly joined party in this action, and its presence as a defendant in this case destroyed diversity jurisdiction. The District Court erred in entering its Order Denying Lassberg's Motion to Remand, and reversal of the Order and resulting Final Judgment is warranted.

**ARGUMENT NO. 2:   Lassberg Has Sufficient Standing to Challenge the Assignment at Issue in this Case, since the Assignment is Void under New York Law.**

In this appeal, Lassberg contends that the evidence in this case showed that the Lassberg Deed of Trust was never properly transferred into the MSAC 2005-WMC3 Trust and Wells Fargo, as trustee, had no legal authority to assert a claim based on the Lassberg Deed of Trust. (See Appellant's Brf, p. 10). Lassberg argues that the Assignments of Deed of Trust in this case, which purported to transfer the Lassberg Deed of trust into the WMC3 Trust, were not executed until December 18, 2012, more than seven (7) years after the closing date of the Trust (ROA.1426-32).

---

capacity, attorneys are not immune from liability when they engage in conduct that a non-attorney could have performed.")

In Bank of America's response Brief, it argues that since Lassberg is a non-party to the Assignments, she lacks standing to challenge the validity of the Assignments, pursuant to this Court's decision in *Reinagel v. Deutsche,* 735 F.3d 220 (5th Cir. 2013) (BOA Brf, p. 24).

The Fifth Circuit in *Reinagel* noted that "Texas courts have held that a non-party to a contract cannot enforce the contract unless she is an intended third-party beneficiary, occasionally couching this principle in terms of "standing." *Id.* at 225. The Court also noted, however, "[t]hough the law is settled in Texas that an obligor cannot defend against an assignee's efforts to enforce the obligation on a ground that merely renders the assignment voidable at the election of the assignor, Texas courts follow the majority rule that the obligor *may defend* on any ground which renders the assignment void. *Id.* The Court also recognized the longstanding principle that mortgagors can defend against foreclosure by establishing a fatal defect in the purported mortgagee's chain of title**.** *Id.* at 225, n.8. This distinction between a void and voidable assignment is important, as the two December 18, 2012 Assignments in this case are void, which means Lassberg is entitled to challenge their validity in this matter.

In its Appellee's Brief, Bank of America argues and cites to several New York state court decisions, where courts have found that a mortgagor lacks standing to challenge a plaintiff's possession or status as assignee of the note and

4

mortgage, based on noncompliance with a PSA. (See BOA Brf, p. 27, citing *Wells Fargo Bank, N.A. v. Erobobo*, --- N.Y.S.3d ----, No. 2013-06986, 2015 WL 1915161 (N.Y. App. Div. Apr. 29, 2015)).

This argument is unavailing however, as Texas courts have specifically recognized the right of a mortgagor to challenge a void assignment. See *Reinagel* at 225. What Lassberg has demonstrated in this case is that under New York law, the assignment at issue is void, not merely voidable, such that under Texas law, Lassberg has sufficient standing to challenge the two Assignments. In Bank of America's Brief, it focuses on New York decisions that hold that a mortgagor cannot challenge an assignment it is not a party to. Simply put, that is not the law in Texas, and those decisions should not factor into this Court's analysis.

The only reason New York law is applicable here, is because the PSA at issue specifies that its provisions shall be governed by New York law (ROA.1752 and ROA.1868). Lassberg's standing to maintain this case, however, is governed by Texas state law, and for that reason, the arguments advanced by Bank of America in its brief should be rejected.

In its Brief, Bank of America also relies heavily on this Court's recent decision in *Svoboda v. Bank of Am., N.A.*, 571 F. App'x 270 (5th Cir. 2014). There, the Court held that the assignment of a mortgage, which violated the terms

of the PSA, rendered the assignment voidable, and not void, and thus the borrower/plaintiff could not challenge the alleged PSA violation. *Id* at 273.

In *Svoboda,* however, the Court relied on cases where a trustee actually received a beneficiary's ratification of an ultra vires act. This was noted in Lassberg's Appellant's Brief, where she distinguished the case law the Svoboda court relied on in reaching that determination (See Appellant's Brf, p. 19-20).

Here, not only is there a lack of ratification or consent that would render the defective Assignment voidable (rather than void), but under the terms *of this particular PSA,* there is no authority for an investor or third-party to ratify or consent to an act of a trustee - that is otherwise void under the terms of the PSA. Lassberg's position on appeal is based on the fact that there is a distinction between a trustee who performs an act outside the scope of the terms of a trust, and a trustee who performs an act that the trust itself expressly prohibits. The New York case law cited by the Fifth Circuit falls into the former category, and there is no indication in any of those cases that the trustee's act was expressly prohibited by the terms of the trust[2].

The *Svoboda* court determined that since under ordinary circumstances, a beneficiary can ratify the ultra vires acts of a trustee, those acts must be considered

---

[2] See, e.g., *Mooney v. Madden*, 193 A.D.2d 933, 597 N.Y.S.2d 775, 776 (N.Y. App. Div. 1993); *Hine v. Huntington*, 118 A.D. 585, 103 N.Y.S. 535, 540 (N.Y. App. Div. 1907); *In re Levy*, 69 A.D.3d 630, 893 N.Y.S.2d 142, 144 (N.Y. App. Div. 2010).

*voidable*, rather than void. Here, however, not only is there a lack of ratification or consent that would render the defective Assignment voidable (rather than void), but under the terms of this particular PSA, there is no authority for an investor or third-party to ratify or consent to an act of a trustee - that is otherwise void under the terms of the PSA. Lassberg's position on appeal is that this Court's holding and analysis in *Svoboda* is based on an incomplete interpretation of New York law on this issue, and the *Svoboda* opinion was rendered under facts that are distinguishable from this present case.

## ARGUMENT NO. 3:   The Lower Court Improperly Granted Summary Judgment on Lassberg's Quiet Title Claim

On page 29 of their Appellee's Brief, Bank of America argues that Lassberg's quiet title claim fails as a matter of law and that summary judgment on that claim was proper. Bank of America also contends that because Lassberg has not tendered the amount allegedly due under the note, she cannot maintain a quiet title claim. (See BoA Brf, p. 30). However, the case law that the Defendants rely upon to support that argument, *Fillion v. David Silvers Company,* 709 S.W.2d 240, 246 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.) is inapplicable.

The idea that a plaintiff must tender the amount claimed is only applicable where the mortgagee has already taken possession of the property post-foreclosure sale, which is not the case in this action. See *Fillion,* 709 S.W.2d at 246 ("Tender of whatever sum is owed on the mortgage debt is a condition precedent to the

mortgagor's recovery of title **from a mortgagee who is in possession and claims title under a void foreclosure sale**.")   This is a clear distinction that renders *Fillion* inapplicable in this case.

To hold otherwise would lead to an inequitable and absurd result. Under the Bank of America's argument, anytime a homeowner was challenged with a lien claim, no matter how fraudulent, they would first have to tender the full amount of that claim before they could defend title to their homestead. Neither *Fillion,* nor Texas law in general, stand for such a principle.

Bank of America's remaining arguments on this quiet title issue are likewise without merit. Texas courts recognize that a quiet title suit is an equitable action that may be used to establish that an adverse party's claim to property is invalid, and to remove the cloud caused by the invalid claim from the owner's title. See *Vernon v. Perrien,* 390 S.W.3d 47, 61 (Tex. App.—El Paso 2012, pet. denied).

**ARGUMENT NO. 4:   Lassberg's Claim under Section 12.002 of the Texas Civil Practices and Remedies Code Should Not Have Been Disposed of via Summary Judgment.**

In the Briefs submitted by BDFTE and Bank of America/MERS, the Appellees argue that Lassberg cannot maintain a claim based on Section 12.002 of the Texas Civil Practices and Remedies Code (identified in Bank of America's Brief as the False Lien Statute)(See BoA Brf, p. 31).

In support of its argument, Bank of America argues that neither the appointment of a substitute trustee nor a notice of trustee's sale constitute a lien or claim against real property or an interest in real property, which is a prerequisite to establish liability under Section 12.002. (BoA Brf, p.33).

In *Martinez v. Wells Fargo Bank, N.A.,* 2013 U.S. Dist. LEXIS 52784 (W.D. Tex. Apr. 12, 2013), however, the court agreed with the plaintiff that the plain language of section 12.002(a) is not limited to documents that create a fraudulent "lien." The court found that in addition to prohibiting the use of documents that create a fraudulent "lien," the plain language of section 12.002(a) also prohibits the use of documents that create a fraudulent "claim against real or personal property or an interest in real or personal property." *Martinez* at *21.

Moreover, the *Martinez* court noted that a Texas state court recently decided a similar issue and found that a fraudulent "Substitution of Trustee" could support liability under the statute. *Id*. at *22. In light of that opinion, the *Martinez* court stated that it "suggests that the language of section 12.002 should not be read especially narrowly." *Id* at *23.

In light of the Martinez decision and the fact that at least one Texas state court has held that the filing of a fraudulent Appointment of Substitute Trustee creates a viable cause of action under Section 12.002, summary judgment on this issue was improper. See *Bernard v. Bank of America, N.A.,* 2013 WL 441749,

2013 Tex. App. LEXIS 1045, *13 (Tex. App.—San Antonio Feb. 6, 2013, no pet.) (holding that a fraudulent "Substitution of Trustee" document that purported to substitute the beneficiary under the Deed of Trust could support liability under section 12.002).

Since a Texas state court has specifically found an entitlement to relief under 12.002 for a fraudulent Substitution of Trustee, the lower court was required to follow Texas state courts on this issue, and failed to do so when it entered summary judgment on this claim.

## ARGUMENT NO. 5:  Lassberg's Claim for Invasion of Privacy was Also Not Subject to Summary Judgment.

In their Joint Appellee's Brief, Bank of America and MERS argue that summary judgment was proper on Lassberg's Invasion of Privacy claim, because "Appellant offered no evidence showing that MERS or MERSCorp possesses any personally identifiable information of Appellant, or MERS or MERSCorp used any of Appellant's personally identifiable information to their benefit." (BoA Brf, p. 35).

Here, the lower court failed to account for the fact that it is improper for a moving party to simply allege "no evidence," without identifying specific portions of the record which they believe demonstrate the absence of a genuine issue of material fact. See *Castaneda v. Flores*, Civil Action No. 5:05-CV-0129, 2007 WL 1671742, 2007 U.S. Dist. LEXIS 41841, at *6 (S.D. Tex. June 8,

2007)("Defendants cannot win summary judgment merely by repeating throughout twenty-seven pages that Plaintiff has no evidence. Rather, although the federal standard does not require Defendants to produce additional evidence negating Plaintiff's evidence, they nevertheless bear the initial responsibility of informing the district court of the basis for [their] motion, and identifying those portions of the [record] which [they] believe demonstrate the absence of a genuine issue of material fact.") In obtaining summary judgment on this issue, the lower court improperly allowed the Appellees to do just that.

Lassberg's verified Amended Complaint also created several triable issues of fact. As noted in her initial brief, Lassberg alleged that MERS and Merscorp used her personal identifying information, including her social security number, without her consent or permission, and that they have done so solely for their own commercial benefit. (ROA.1294) Lassberg's also alleged her belief that (1) MERS used Lassberg's personal identifying information to create and increase revenues for its own for-profit business, and that (2) MERS charges a fee for each time a person logs into the system, and thus derives a commercial benefit from Lassberg's (and numerous others) personal information, all without their consent (ROA.1296-97).

Those claims were actionable under Texas law. See *Restatement (Second) of the Law of Torts, at Section 652C* (which notes that "one who appropriates to his

own use or benefit the name or likeness of another is subject to liability to the other for invasion of his privacy . . . "[t]he interest protected by the rule stated in this Section is the interest of the individual in the exclusive use of his own identity.")

## CONCLUSION

In view of the foregoing, Appellant, Leslie Lassberg respectfully requests this Court reverse the final judgment entered in favor of the Appellees, and for such other relief to which she would be entitled.

## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2015, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing has been forwarded to all counsel of record by operation of the Court's electronic filing system.

*/s/ Carl D. Hughes, Jr.*
Carl D. Hughes, Jr.
Texas State Bar No. 10209000
ATTORNEY FOR APPELLANT

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

1.   This brief contains 2,682 words, excluding the parts of the brief exempted by Fed.R.App.P. 32(a)(7)(B)(iii). The word count was calculated via Microsoft Word.

2.   This brief complies with the typeface requirements of Fed. R. App. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in Microsoft Word using Times New Roman Regular 14-point type. Footnotes have been prepared in Microsoft Word using the Times New Roman Regular 14-point type.

*/s/ Carl D. Hughes, Jr.*
Carl D. Hughes, Jr.
Texas State Bar No. 10209000
ATTORNEY FOR APPELLANT

Dated:       August 3, 2015

# *United States Court of Appeals*
### FIFTH CIRCUIT
### OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE**
**NEW ORLEANS, LA 70130**

August 04, 2015

Dr. Carl Donald Hughes Jr.
P.O. Box 610326
Dallas, TX 75261-0326

No. 15-40196    Leslie Lassberg v. Bank of America, N.A., et al
                USDC No. 4:13-CV-577

Dear Dr. Hughes,

The following pertains to your reply brief electronically filed on
8/3/15.

You must submit the seven (7) paper copies of your brief required
by 5TH CIR. R. 31.1 within five (5) days of the date of this notice
pursuant to 5th Cir. ECF Filing Standard E.1.

                    Sincerely,

                    LYLE W. CAYCE, Clerk


                    By: _____
                    James deMontluzin, Deputy Clerk
                    504-310-7679

cc:
    Mr. Nathan Templeton Anderson
    Mr. Robert Michael Blend
    Mr. Richard Dwayne Danner
    Mr. Robert Francis Maris
    Mr. C. D. Peebles
    Mr. David Christopher Romness