## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| SANDRA DORRELL and PHILLIP A. WILKINSON, individually and on behalf of a class of all others similarly situated, | § § § § | |
| *Plaintiffs,* | § § | |
| - against – | § § | Civil Action No. 3:16-cv-01152-N Hon. David C. Godbey |
| PROSKAUER ROSE, LLP, and THOMAS V. SJOBLOM, | § § § | |
| *Defendants.* | § § | |

## PLAINTIFFS' RESPONSE TO DEFENDANT PROSKAUER ROSE, LLP'S NOTICE OF SUPPLEMENTAL AUTHORITY IN FURTHER SUPPORT OF MOTION TO DISMISS

The *CalPERS* decision from the United States Supreme Court, *California Public Employees' Retirement System v. ANZ Securities, Inc.*, ____ S. Ct. ____, 2017 WL 2722415 (2017), adds nothing to this Court's consideration of whether class action tolling applies to the Texas Securities Act's (TSA) statute of repose because, as Proskauer admits, Texas—not federal—law controls whether the TSA statute of repose is subject to tolling and under Texas law, it is.

When considering Plaintiffs' claims under the TSA, Texas law is clear that the Court must give the TSA the widest possible scope because it is a remedial statute that must be construed to protect investors. *See In re Enron Corp. Sec., Deriv. & ERISA Litig.* ("*Enron I*"), 235 F. Supp. 2d 549, 566 (S.D. Tex. 2002); *Grant Thornton v. Suntrust Bank*, 133 S.W.3d 342, 360 (Tex. App. – Dallas 2004, pet. denied); *Shields v. State*, 27 S.W.3d 267, 273 (Tex. App.— Austin 2000, no pet.); *Anheuser-Busch Cos. v. Summit Coffee Co.*, 934 S.W.2d 705, 708 (Tex. App.—Dallas 1996, writ dismissed by agr.) (citing *Flowers v. Dempsey-Tegeler & Co.*, 472

S.W.2d 112, 114 (Tex. 1971)); TEX. REV. CIV. STAT. ANN. ART. 581-10-1.

Indeed, when federal statutes use materially different language from the TSA, Texas courts base their interpretation on the particular language of the TSA itself.  *See, e.g., Allen v. Devon Energy Holdings, L.L.C.*, 367 S.W.3d 355, 400 n. 62 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (federal law interpreting a federal act "does not control our interpretation of the TSA" where the TSA contains broader language than its federal counterpart) (internal citation and quotations omitted).

Here, Plaintiffs' TSA claims are not controlled by federal law because Article 581-33F(2) has no counterpart in the federal statutes.  *See In re Enron Corp. Sec., Deriv. & ERISA Litig.* ("*Enron II*"), 258 F. Supp. 2d 576, 608 (S.D. Tex. 2003) ("[Article 581-33F(2)] has no parallel in the federal statutes and . . . reaches farther than they do because it authorizes . . . aiding and abetting liability."); *Akin v. Q-L Invests., Inc.*, 959 F.2d 521, 532 (5th Cir. 1992) (Article 581-33F(2) differs from federal law because the TSA "recognizes on its face" that recklessness satisfies the scienter requirements for aider and abettor liability).

Although the Texas Supreme Court has not yet addressed the issue, every intermediate Texas appellate court to consider the question has recognized that class action tolling exists under Texas law.  *See, Asplundh Tree Expert Co. v. Abshire*, 517 S.W.3d 320 (Tex. App.—Austin 2017, no pet.) (concluding that the statute of limitations for putative class members was tolled pending a ruling on class certification); *Clark v. ConocoPhillips Co.*, 465 S.W.3d 720, 724 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (explaining "the filing of a putative class action suit in a Texas state court suspends the running of limitations for all purported members of the class"); *All Am. Life & Cas. Ins. Co. v. Vandeventer*, No. 01-05-00016-CV, 2006 Tex. App. LEXIS 2276, WL 742452, at *2 (Tex. App.—Fort Worth, Mar. 23, 2006, no pet.) (mem. op.) (all

"parties agree that . . . the running of limitations was tolled when" class action was filed); *Ventura v. Banales,* 905 S.W.2d 423, 425, n.2 (Tex. App.—Corpus Christi 1995, orig. proceeding) (recognizing that "Texas likewise suspends the applicable statute of limitations as to all purported members of the class upon the filing of the class action"); *Bell v. Showa Denko K.K.*, 899 S.W.2d 749, 757 (Tex. App.—Amarillo 1995, writ denied) (tolling applies when "the decision of whether a class is entitled to certification" is pending); *Koch Oil Co. v. Wilber*, 895 S.W.2d 854, 863 (Tex. App.—Beaumont 1995, writ denied) (observing that "statute of limitations was . . . tolled subsequent to" filing of class action); *Bara v. Major Funding Corp. Liquidating Trust,* 876 S.W.2d 469, 471-73 (Tex. App.—Austin 1994, writ denied) (applying tolling doctrine); *Walker v. Polyscience Corp.*, No. 14-89-00678-CV, 1990 Tex. App. LEXIS 1454, 1990 WL 79838, at *2 (Tex. App.—Houston [14th Dist.] June 14, 1990, no writ) (not designated for publication) (explaining that "the filing of the original class suit suspends the applicable statute of limitations and the period remains tolled for all members of the class until class certification is denied"); *Mayfield v. San Jacinto Sav. Ass'n*, 788 S.W.2d 199, 121 (Tex. App.—Houston [14th Dist.] 1990, writ denied) (noting that "a class action suit suspends the running of the statute only as to all members of the class"); *Grant v. Austin Bridge Constr. Co.*, 725 S.W.2d 366, 370 (Tex. App.—Houston [14th Dist.] 1987, no writ) (holding that "the filing of the class action suspends the applicable statute of limitations as to all purported members of the class . . . until class certification is denied."). Here, given the lack of any pronouncement on this subject from the Texas Supreme Court, this Court must apply the Texas class action tolling doctrine broadly to protect the Stanford investors.

Moreover, to retroactively apply *CalPERS* to the present case would inflict a severe injustice on Stanford investor victims, who have relied on this and the prior *Troice* class action

lawsuit since it was filed in 2009.[1]   Unlike *CalPERS*, this case does not involve an "opt out" plaintiff who decided to forego the protections of the class mechanism to seek individual relief against defendants.[2]   The *Troice* action was filed almost 8 years ago, well within the statute of repose of the TSA.   After an appeal to the United States Supreme Court,[3] the *Troice* action was remanded.   By then, the TSA's statute of repose had arguably *already run* on the individual class members claims had they chosen to opt out of the class.   Following appeal of this Court's denial of defendants' motion to dismiss,  almost 7 years after suit was filed, the Fifth Circuit dismissed the *Troice* action.   *Troice v. Proskauer Rose LLP*, ___ F.3d ___, No. 15-10500, 2016 WL 929476 (5th Cir. Mar. 10, 2016).   The instant class action was promptly filed with new class representatives alleging the same claims against the same Defendants on behalf of the same class of investors.   These are not "stale" claims; they have been litigated on behalf of the same class for 8 years.   To apply *CalPERS* to bar these claims would leave the class members without a remedy even though they were diligent and even though defendants were timely put on notice of the claims.

Texas courts have held that "[d]ecisions on tolling should 'balance the competing interests of class action litigation (efficiency and economy)' against 'those of statutes of limitations (protection against stale claims)'".   See e.g., *Clark v. ConocoPhillips Co.*, 465 S.W. 3d 720, 727 (Tex. App. – Houston [1st Dist.] 2015, no pet.).   The rationale in *CalPERS* for giving primacy to the grant of "complete peace to defendants" over the rights of absent class members who "anticipated their interests would be protected by a class action" do not apply

---

[1]     *Troice v. Proskauer Rose et a*l. filed in this Court as Case No. 3:09-cv-01600 (the "*Troice* Action").

[2]     In *CalPERS*, the original class action had been filed in 2008, and CalPERS waited until 2011 – and only after a settlement had been reached in the class case – to opt out because it was "apparently convinced it could obtain a more favorable recovery".   *CalPERS*, at *5.

[3]     The Defendants' Motions to Dismiss that led to the SLUSA appeal in the Troice Action had been fully briefed by March 18, 2010, but this Court did not issue a ruling on said Motions until October 21, 2011 (ECF 96), a period of **19 months**.

here.  This lawsuit does not concern "stale" claims, and has nothing to do with and will not affect the securities markets or the valuations of stocks.  Here, there is no risk of destabilizing the securities markets.

Moreover, even if the Texas Supreme Court were to adopt the *CalPERS* decision and apply it to preclude class tolling of the TSA's statute of repose, it is within the court's discretion to determine whether such a new rule would be applied prospectively or retrospectively.  See *Sanchez v. Schindler*, 651 S.W. 2d 249, 254 (Tex. 1983).  While the general rule is that a decision of a supreme court is retrospective in its operation, exceptions are recognized when considerations of fairness and policy preclude full retroactivity.  *Id*. (citing cases).

Texas has adopted a three-part test for deciding whether to give a holding only prospective relief: (1) whether the decision establishes a new principle of law by either overruling clear past precedent on which litigants may have relied or by deciding an issue of first impression whose resolution was not clearly foreshadowed; (2) whether prospective or retroactive application of the particular rule will further or retard its operation through an examination of the history, purpose, and effect of the rule; and (3) whether retroactive application of the rule could produce substantial inequitable results.  *Carrollton Farmers Branch Indep. Sch. Dist. v. Edgewood Indep. Sch. Dist.*, 826 S.W.2d 489, 515 (Tex. 1992).

First, *CalPERS* overrules a clear past precedent—*American Pipe*—and announces a rule that was not clearly foreshadowed—most federal courts of appeal followed *American Pipe*.

Second, retroactive operation of the *CalPERS* rule will retard the policies underlying class actions.  If as a result of the *CalPERS* decision the TSA claims of absent class members are extinguished by statutes of repose notwithstanding their participation in a pending class action, then absent class members will have no choice but to file their own individual claims prior to the

running of the statute of repose.  This will effectively eviscerate Rule 23 efficiencies in complex and lengthy TSA class actions like this one, and lead to a multiplicity of suits and accompanying waste of party and judicial resources.

Third, equitable considerations favor prospective application.  In particular, the court should consider the injustice and hardships that would result from a retroactive application.  Here the vast majority of Stanford investors have relied on the class mechanism to pursue their TSA claims against Defendants.   Having relied on the class device and class tolling since 2009, the investors should not be deprived of their rights because this class action has taken too long and been subjected to multiple appeals, including to the U.S. Supreme Court.

Because the Texas Supreme Court has not decided that class action tolling does not apply to the TSA's statute of repose, the Court must follow intermediate Texas cases which uniformly apply such tolling.

Respectfully submitted,

**CASTILLO SNYDER, P.C.**

By: */s/ Edward C. Snyder*
    Edward C. Snyder
    esnyder@casnlaw.com
    Jesse R. Castillo
    jcastillo@casnlaw.com
    700 N. St. Mary's Street, Suite 405
    San Antonio, Texas  78205
    (210) 630-4200
    (210) 630-4210 (Facsimile)

**NELIGAN FOLEY, LLP**

By: */s/ Douglas J. Buncher*
    Douglas J. Buncher
    dbuncher@neliganlaw.com
    Republic Center
    325 N. St. Paul, Suite 3600
    Dallas, Texas  75201
    (214) 840-5320
    (214) 840-5301 (Facsimile)

**COUNSEL FOR THE PLAINTIFFS**

**STRASBURGER & PRICE, LLP**

By: */s/ David N. Kitner*
    David N. Kitner
    david.kitner@strasburger.com
    901 Main street, Suite 4400
    Dallas, Texas  75202
    (214) 651-4300
    (214) 651-4330 (Facsimile)

**STRASBURGER & PRICE, LLP**

By: */s/ Judith R. Blakeway*
    Judith R. Blakeway
    judith.blakeway@strasburger.com
    2301 Broadway
    San Antonio, Texas  78215
    (210) 250-6000
    (210) 250-6100 (Facsimile)

2541558.5/SPSA/42222/0101/072417

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 24th day of July, 2017, I electronically filed the foregoing document with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing to all counsel of record and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Judith R. Blakeway*
Judith R. Blakeway

2541558.5/SPSA/42222/0101/072417